UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-5030(DSD/TNL)

Arkwright Advanced Coating, Inc.,

    Plaintiff,

v.  **ORDER**

MJ Solutions GmbH,

    Defendant.

    Bruce J. Koch, Esq., Thorsten Schmidt, Esq. and Schmidt LLC, 560 Lexington Avenue, 16th Floor, New York, NY 10022; Erin E. Westbrook, Esq. and Barnes & Thornburg, LLP, 225 South Sixth Street, Suite 2800, Minneapolis, MN 54402, counsel for plaintiff.

    David A. Davenport, Esq. and Winthrop & Weinstine, PA, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion of petitioner Arkwright Advanced Coating, Inc. to amend the judgment, vacate the injunction, or to clarify the injunction. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this matter is fully set forth in the court's June 2, 2015, order granting respondent MJ Solutions GmbH's motion to confirm arbitration award, and the court recites only those facts necessary to resolve the instant motion. In its previous order, the court rejected Arkwright's argument that the

injunction issued by the arbitrator required clarification. Arkwright now asks the court to revisit that determination, arguing that the court erred by not addressing its arguments that the injunction is improper and overly broad. Arkwright does not rely on new law or recently discovered facts in support of its position, but instead more fully briefs and supports the arguments already presented and rejected by the court or that could have been presented, but were not. Arkwright specifically moves to amend the judgment, vacate the injunction, or clarify the injunction under Fed. R. Civ. P. 59(e).

**DISCUSSION**

A motion to alter or amend judgment, pursuant to Rule 59(e), serves the limited function of "correcting manifest errors of law or fact or to present newly discovered evidence."[1] Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). Rule 59(e) does not afford an opportunity to present evidence or legal

---

[1] The court notes that the "[t]he practice of this district is to utilize Rule 59(e) motions to address mechanical changes to a judgment, such as correcting a dollar amount that was incorrectly entered, and not to request the Court to reconsider the substance of a ruling." Schwarz Pharma, Inc. V. Paddock Labs., No. 05-832, 2006 WL 3359336, at *1 (D. Minn. Nov. 20, 2006). In contrast, "the vehicle to correct substantive errors," as Arkwright apparently seeks to do here, "is to ask leave to bring a motion to reconsider pursuant to Local Rule 7.1(g)[.]" Id. Arkwright failed to request leave to move under Local Rule 7.1 within the time period permitted, however.

2

argument that could have been offered prior to entry of judgment. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003). Nor can the rule be used to rehash arguments already made and lost. See Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). A motion under Rule 59 "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Ag., 838 F. Supp. 1346, 1348 (D. Minn. 1993). The court has "broad discretion in determining whether to open a judgment pursuant to a Rule 59(e) motion." Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir. 1987).

The court has reviewed the parties' extensive briefing on the motions to confirm and to vacate the arbitration award, the transcript from oral argument on those motions, as well as the briefs and documents submitted for purposes of the present motion. Based on that review, the court considers Arkwright's motion to be nothing more than an attempt to relitigate issues previously raised, albeit with less force and detail than now presented. In support of the instant motion, Arkwright relies on no new evidence or recently developed law, but instead seeks only to rehash arguments already made and lost, or to raise new arguments that could have been raised before. The court will not grant relief based on such efforts.

Further, it is not the case, as Arkwright argues, that the court ignored or did not adequately address its argument that the injunction is improper and overly broad. Rather, Arkwright previously only summarily argued about the propriety of the injunction, despite submitting three briefs to the court. See ECF No. 19, at 34, ECF No. 27, at 10; see also ECF No. 22 (containing no argument about the injunction). Arkwright's oral argument was similarly lacking with respect to the injunction issue. See ECF No. 45, at 24-25. For these reasons, the court denies the motion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion to amend the judgment, vacate the injunction, or clarify the injunction [ECF No. 37] is denied.

Dated: August 6, 2015

    s/David S. Doty
    David S. Doty, Judge
    United States District Court