UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-5030(DSD/TNL)

Arkwright Advanced Coating, Inc.,

      Petitioner,

v.                                                        **ORDER**

MJ Solutions GmbH,

      Respondent.


    Bruce J. Koch, Esq., Thorsten Schmidt, Esq. and Schmidt LLC, 560 Lexington Avenue, 16th Floor, New York, NY 10022; Erin E. Westbrook, Esq. and Barnes & Thornburg, LLP, 225 South Sixth Street, Suite 2800, Minneapolis, MN 54402, counsel for petitioner.

    David A. Davenport, Esq., and Winthrop & Weinstine, PA, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, counsel for respondent.


    This matter is before the court upon the motion of MJ Solutions GmbH for civil contempt. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.


**BACKGROUND**

    The background of this matter is fully set forth in the court's June 2, 2015, order granting respondent MJ Solutions' motion to confirm arbitration award and denying petitioner Arkwright Advanced Coating, Inc.'s motion to vacate arbitration award. The court recites only those facts necessary to resolve the instant motion.

On December 18, 2014, the arbitrator issued a final award in MJ Solutions' favor, which included the following injunction:

> a. [Arkwright] is hereby permanently enjoined from making, using, or selling its dark transfer products, which are hereby deemed "Covered products" under the License Agreement, subject to the exception noted below in 3(b):
>
> b. To the extent that [Arkwright] inventory is already in stores, or subject to existing orders from distributors, retailers or other customers, [Arkwright] may sell those products and fulfill existing orders provided that a complete and ongoing accounting is maintained and presented to [MJ Solutions], and that all such revenues are subject to the payment of 2% royalties with 60 days of the receipt of revenues from such transactions.

Davenport Decl. Ex. A, at 34. The parties then cross-moved to confirm or vacate the award. On June 2, 2015, the court confirmed the award in full. MJ Solutions now moves for an order of contempt, contending that Arkwright has violated the arbitration award by continuing to sell covered products after the arbitration award was issued.

## DISCUSSION

"[I]t is firmly established that the power to punish for contempt[ ] is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citation and internal quotation marks omitted). Specifically, the court has the power to punish "such contempt of _its authority, and none other_," including

"[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (emphasis added). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chi. Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000). "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." Id. at 505 (emphasis added). "At that point, the burden ... shift[s] to the [defendant] to show an inability to comply." Id.

The arbitration award at issue is not a court order and, as such, cannot serve as the basis for a contempt order. See MedCam, Inc. v. JDS Uniphase Corp., No. 06-1509, 2006 WL 2095434, at *4 (D. Minn. July 27, 2006) (denying contempt motion because "there is no underlying order which [defendant] could have violated because [plaintiff] never petitioned any court for an order confirming the arbitration award"); Donel Corp. v. Kosher Overseers Ass'n of Am., Inc., No. 92-8377, 2001 WL 1135625, at *1 (S.D.N.Y. Sept. 26, 2001) (finding no contempt based on conduct occurring after the arbitration award, but before the court confirmed that award, because the award was "not enforceable until it was confirmed by [the] Court"); see also Tube City IMS, LLC v. Anza Capital Partners, LLC, 25 F. Supp. 3d 486, 488-89 (S.D.N.Y. 2014) (noting

that "[a]rbitration awards are not self-enforcing" .... Rather, "they must be given force and effect by being converted to judicial orders by courts") (internal quotation marks and citations omitted). Accordingly, the court's review is limited to whether Arkwright's post-order conduct constitutes contempt.

The evidence in the record does not support a finding of contempt. MJ Solutions focuses its briefing on pre-order sales and, although Arkwright acknowledges that it sold covered products after June 2, those sales appear to have been inadvertent, de minimus, or to fulfill orders placed before June 2. See Niederlueke Decl. Ex. 1; Jendzejec-Blanchard Decl. ¶¶ 6-9. Further, Arkwright does not appear to have retained any revenue for those sales due to credits owed to the customers. Jendzejec-Blanchard Decl. ¶ 2. To the extent Arkwright owes MJ Solutions royalties for those post-order sales, however, Arkwright shall make appropriate payment immediately.[1]

---

[1] Arkwright has offered to pay MJ Solutions a two-percent royalty – consistent with the underlying agreement – on sales after September 27, 2014. Pet'r's Mem. at 16. The court encourages MJ Solutions to accept the offer and finally resolve the matter.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the motion for civil contempt [ECF No. 59] is denied.

Dated:  September 23, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court
