```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                     Civil No. 14-5030(DSD/TNL)
```

Arkwright Advanced Coating, Inc.,

      Petitioner,

v.                                                                **ORDER**

MJ Solutions GmbH,

      Respondent.

      Kurt J. Niederluecke, Esq and Fredrikson & Byron, PA, 200 South 6th Street, Suite 4000, Minneapolis, MN, counsel for petitioner.

      David A. Davenport, Esq., and Winthrop & Weinstine, PA, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, counsel for respondent.

This matter is before the court upon the motion of petitioner Arkwright Advanced Coating, Inc. for relief from judgment. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part.

## BACKGROUND

The background of this matter is fully set forth in the court's June 2, 2015, order granting respondent MJ Solutions GmbH's motion to confirm arbitration award. The court recites only those facts necessary to resolve the instant motion.

The underlying arbitration award, confirmed by the court, includes the following injunctive relief:

> [Arkwright] is hereby permanently enjoined from making, using, or selling, its dark transfer products, which are hereby deemed 'Covered products' under the License Agreement ....

Niederluecke Decl. Ex. B, at 34. The parties appear to agree that the injunction is limited to products subject to MJ Solutions' patents covered by the license agreement. According to Arkwright, the relevant patents expire on March 13, 2017. Arkwright therefore requests that the court vacate the injunction effective March 14, 2017.

**DISCUSSION**

Arkwright seeks relief under Fed. R. Civ. P. 60(b)(5), which provides that a court "may relieve a party from a final judgment, order, or proceeding" if applying it "prospectively is no longer equitable." "Because an injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making, appellants must identify changed circumstances that shift the equitable balance in their favor under Rule 60(b)(5)." Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 715 (8th Cir. 2011) (internal quotation marks and citation omitted).

MJ Solutions objects to the motion, arguing that the judgment should not be disturbed because Arkwright could have and should have raised this issue sooner. MJ Solutions also argues that there are additional patents relevant to the injunction that do not

expire until 2020 or later, which render the injunction viable well after March 13, 2017.

Although Arkwright could have raised this issue sooner, the court is persuaded that equity demands at least some limitation on the injunctive relief awarded.  The law is clear, and MJ Solutions does not dispute, that "a district court cannot enjoin infringement of an expired patent." Allan Block Corp. v. Cty. Materials Corp., 634 F. Supp. 2d 979, 990 (D. Minn. 2008) (citing Lans v. Digital Equip. Corp., 252 F.3d 1320, 1328 (Fed. Cir. 2001); see also Kearns v. Chrysler Corp., 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("[W]hen the rights secured by a patent are no longer protectable by virtue of expiration or unenforceability, entitlement to injunctive relief becomes moot because such relief is no longer available."); Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, No. 99-870, 2007 WL 4322295, at *1 (D. Colo. Dec. 7, 2007) (holding that the permanent injunction "automatically dissolved" once the underlying patent expired).  It would be inequitable for the court to conclude that the injunction should remain in place as to the soon-to-be expired patents when the law definitively establishes the contrary.  Under the circumstances, Arkwright's failure to raise the issue sooner, while not ideal, is excusable.[1]

---

[1]   As a result, the court denies MJ Solutions' motion for sanctions.

To MJ Solutions' second point, however, the court is concerned that vacating the injunction as a whole would be an overly broad remedy.  MJ Solutions claims that there are other patents underlying the injunction that do not expire until 2020 or later.  Although Arkwright disagrees, neither party submits sufficient information to allow the court to resolve the issue.  As a result, the court will narrowly tailor Arkwright's relief by limiting the injunction to all applicable valid patents.  This means that, as of March 14, 2017, Arkwright will not be enjoined from activity based on the patents that expire on March 13, 2017.  This order will also apply to any other patents subject to the injunction that expire after March 13, 2017.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for relief from judgment [ECF No. 72] is granted in part as set forth above.

Dated: March 9, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
